## Alexander v. Geiger et al.

*George X. Simonetta*, for plaintiff.
*F. Joseph Thomas*, for defendants.

MOOK, P. J., March 31, 1954.—This action is a complaint in equity for the purpose of compelling defendants to perform specifically an agreement to sell real estate. The case comes before the court upon preliminary objections to the answer in the nature of a demurrer.

The complaint avers that on July 24, 1953, the parties entered into an agreement in writing whereby defendants agreed to convey to plaintiff lots nos. 55 and 56 in the College Park plan of lots in West Mead Township, Crawford County, Pa., for the sum of $1,250, on which plaintiff had made a down payment of $20.

The complaint further avers than on August 10, 1953, plaintiff tendered the balance of the purchase price to defendants and requested delivery of a deed; that defendants refused to deliver said deed by reason of a covenant running with the land as set forth in the deed from the McCain Realty Company to Theresa Geiger, one of defendants, dated July 16, 1918, and recorded, which reads as follows:

"That said land shall not be sold, transferred, leased or rented to any person of negro descent;".

The deed also provides:

"A breach of said conditions or any of them shall

entitle the grantor or any of its grantees on said tract to an action to restrain or for damages;"

The covenant covers the property which is the subject of the article of agreement; and plaintiff is a person of Negro descent.

The complaint asks for specific performance and a decree that the racial covenant is illegal, against public policy, unenforcible and null and void.

The answer admits all of the facts contained in the complaint and avers that defendants' only reason for refusing to make the conveyance is the existence of the restraining covenant and the penalty provision in connection therewith.

The preliminary objection challenges the sufficiency of the answer and prays for judgment and a decree for specific performance.

A question of law is therefore presented, whether a covenant in a deed running with the land, which provides that the land shall not be sold, transferred, leased or rented to any person of Negro descent, is valid. If it is, it is a sufficient defense to the complaint; if it is not valid, plaintiff is entitled to the decree prayed for.

The specific legal question is whether a restrictive covenant in a deed, limiting the sale or possession of real estate to a person of a particular race is a violation of the fourteenth amendment to the Constitution of the United States. While plaintiff's pleadings do not use the word "unconstitutional," they aver that the covenant is null and void, and in his brief plaintiff contends that the recognition and enforcement of the covenant by the court in this action would violate the equal protection clause of the fourteenth amendment.

Section 1 of the fourteenth amendment, so far as material, reads as follows:

"No state . . . shall deny to any person within its jurisdiction the equal protection of the laws."

The question before us then, is: If the court overrules the demurrer and recognizes and sustains the restrictive covenant in this case, does that action amount to action by a "State" which denies to plaintiff the equal protection of the laws?

The Supreme Court of the United States, in the case of Shelley et ux. v. Kraemer et ux., and Sikes v. McGhee, 334 U. S. 1, 68 S. Ct. 836, has decided this question in favor of plaintiff and we are bound by that decision. In the Shelley case, Kraemer and wife brought a suit in equity against Shelley and wife to enforce a restrictive covenant which provided that the property in question was restricted so that for 50 years no part of it should be occupied as owner or tenant by people of the Negro or Mongolian race. In the Sipes case, adjoining owners of property brought a suit against Negro owners and occupants to enjoin them from using their property in violation of a covenant which read in part: ·

"This property shall not be used or occupied by any person or persons except those of the Caucasian race."

The two cases were considered by the Supreme Court in one opinion. The court, speaking through Chief Justice Vinson, held that the action of the State court in enforcing the covenant in those cases violated the fourteenth amendment to the United States Constitution by denying to defendants the equal protection of the laws. The court pointed out that among the civil rights intended to be protected from discriminatory State action by the fourteenth amendment is the right to acquire, enjoy, own and dispose of property. It cited section 1978 of the Revised Statutes, which reads:

"All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

The court pointed out that the fourteenth amendment only inhibits State action and not the action of

private individuals and stated (page 4) that the restrictive covenant standing alone cannot be regarded as a violation of any right guaranteed to petitioner by the fourteenth amendment because by voluntary adherence to its terms there has been no action by the State.

The court then held, however, that when the State court enforced such restrictive covenant, the State denied petitioners the equal protection of the laws and "therefore the action of the State court cannot stand."

The court further said (page 20) :

"We have noted that freedom from discrimination by the States in the enjoyment of property rights was among the basic objectives sought to be effectuated by the framers of the fourteenth amendment. That such discrimination has occurred in these cases is clear. Because of the race or color of these petitioners they have been denied rights of ownership or occupancy enjoyed as a matter of course by other citizens of different race or color."

In our opinion, the present case cannot be distinguished from the Shelley and Sipes cases. In this case as in those, the court is called upon to enforce or refuse to enforce a covenant depriving persons of Negro descent from enjoying the right to own certain real estate solely because of their race. Were we to recognize the restrictive covenant in defendants' deed from the McCain Realty Company to be valid and binding, and as a sufficient defense to plaintiff's complaint in equity for specific performance, we would deny plaintiff the equal protection of the laws guaranteed to him by the fourteenth amendment as construed by the highest court in the land.

Accordingly, we hold that the restrictive covenant is null and void and that plaintiff is entitled to judgment.

The foregoing was prepared by the Hon. Leo. H. McKay, judge of the thirty-fifth judicial district in order

to aid and assist this court in the disposition of unfinished business and is, therefore, adopted as the opinion of this court. Accordingly, we enter the following

### Order and Decree

And now, March 3, 1954, the court finds as a matter of law that plaintiff is entitled to the relief prayed for and it is therefore ordered, adjudged and decreed that the covenant contained in a certain deed from the McCain Realty Company to Theresa Geiger dated July 16, 1918, and recorded in the Office of the Recorder of Deeds of Crawford County in Deed Book, vol. 213, page 242, which provides: "That said land shall not be sold, transferred, leased or rented to any person of negro descent" is contrary to public policy and is, therefore, unenforcible, null and void.

It is further ordered, adjudged and decreed that defendants sign, execute and deliver a deed of general warranty conveying the premises described in paragraph 3 of the bill of complaint to plaintiff upon the receipt of the sum of $1,230, the balance due on the agreement of sale heretofore entered into between the parties, said premises being described and bounded as follows:

"All that certain piece or parcel of land situate in West Mead Township, Crawford County, Pennsylvania, bounded and described as follows: to wit: BEING LOTS 55 and 56 in the College Park Plot of Lots laid out by Samuel McCain and situated in West Mead Township, Crawford County, Pennsylvania, said plot being recorded in the Office of the Recorder of Deeds of Crawford County in Deed Book 195, page 701. Said land is a portion of a parcel of land conveyed by Henry Reuter and wife, to Samuel McCain by deed dated July 24, 1913, and recorded in said Recorder's Office in Deed Book, Vol. 200, page 134."

This decree shall be a final decree and it is further ordered that defendant pay the costs of this proceeding.